IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LENNY STANG,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>LEROY KIRKEGARD; TIM FOX, Attorney General of the State of Montana,<br><br>　　　　Respondents. | Cause No. CV 14-128-BLG-DLC-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Lenny Stang's application for writ of habeas corpus under 28 U.S.C. § 2254. Stang is a state prisoner proceeding pro se.

On September 26, 2014, Stang was ordered to respond to a few questions to help the Court understand his claims. He responded on October 16, 2014.

On a date he does not specify, Stang was arrested on a warrant issued by a probation officer. Resp. to Order (Doc. 5) at 1 ¶ 2. Two days after his arrest, he appeared before a justice of the peace on the probation violation and before a Bozeman city judge on a charge of shoplifting. Stang represents that the city judge released him on his own recognizance on the shoplifting charge "because of the probation violation," stating that Stang "had bigger things to worry about." *Id.* at 1-2 ¶ 2. Stang was returned to the Bozeman jail.

1

On July 2, 2012, a judge in Yellowstone County issued a warrant for Stang's arrest, but the warrant was not served on him until September 10, 2012. When a lawyer came to see him on September 6, 2012, on a different charge (apparently the shoplifting charge), the lawyer asked him what he was doing in jail. *Id.* at 2 ¶ 2. Based on these facts, Stang alleges that he was held in custody for 85 days on a charge of violating his probation when a judge had ordered him released on his own recognizance. Pet. (Doc. 1) at 4 ¶ 13A.

It is not clear when Stang was arrested or appeared in Bozeman and Gallatin County, but it appears to have been in mid-June 2012.[1] It is likely the Gallatin County justice of the peace found probable cause to detain Stang pending probation revocation proceedings. But, if not, about two weeks passed before issuance of a bench warrant by a judge in Yellowstone County.

Given the facts Stang alleges, it appears he is unable to state a claim for violation of federal law. Stang was promptly presented before a judge after he was arrested on the probation officer's warrant. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56-58 (1991). Although he states that the Bozeman judge released him as to the shoplifting charge, Stang states the judge did so because he knew the probation violation created "bigger things to worry about." That is not the kind of judicial determination that suggests actual release is contemplated. Further, the

---

[1] Mid-June to September 10, 2012, when Stang was served with the Yellowstone County bench warrant, would be about 85 days.

Yellowstone County warrant established probable cause to support Stang's detention. *Gerstein v. Pugh*, 420 U.S. 103, 112-13 (1975). As he did not make any statements, there is no indication his detention was exploited to obtain evidence from him. Resp. to Order at 2 ¶ 3; *McLaughlin*, 500 U.S. at 56-57.

Ultimately, however, the action is moot. Any potential prejudice from Stang's detention in Bozeman was dispelled when the sentence imposed for the probation violation was reduced by the amount of time he spent there. Resp. to Order at 3 ¶ 5. Consequently, even assuming that this Court found a violation of federal law, it could no longer provide a remedy, even in the form of money damages under 42 U.S.C. § 1983, because the revocation of Stang's probation and his receipt of credit for time served fully remedied any deprivation of Stang's rights. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

A certificate of appealability is not warranted because Stang does not make a substantial showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). In addition, reasonable jurists would agree that the revocation of Stang's probation and his receipt of credit for time served fully remedied any violation of his rights. *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (Docs. 1, 5) should be DISMISSED AS MOOT.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Stang may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Stang must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 13th day of March, 2015.

/s/  Carolyn S. Ostby
United States Magistrate Judge

---

[2]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.